

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,560-01

### EX PARTE RAMON ALBERTO GONZALEZ QUIROGA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2016-DCR-00239-D IN THE 103RD DISTRICT COURT
FROM CAMERON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of capital murder and sentenced to life imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Quiroga v. State*, No. 13-16-00470-CR (Tex. App.—Corpus Christi Dec. 21, 2017) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that although he maintained he was innocent, trial counsel ignored his wishes and conceded that he was guilty of robbery or should be punished as a thief. Applicant has alleged facts that, if true, might entitle him to relief. *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). Accordingly, the record should be developed. The trial court is the appropriate

forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to the above claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel violated Applicant's right to determine the objective of his defense by ignoring Applicant's desire to maintain his innocence and conceding that he was guilty of robbery or should be punished as a thief. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: January 29, 2020
Do not publish